**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4197
_____

SLAWOMIR OBARSKI,
                                            Appellant

v.

CLIENT SERVICES, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-02271)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2014

Before: SMITH, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 12, 2014)
_____

OPINION
_____

PER CURIAM

Slawomir Obarski, proceeding pro se, appeals from the District Court's October 7,

2013, order granting Client Services, Inc.'s ("CSI") motion to dismiss the second

amended complaint.  For the following reasons, we will affirm.

The facts being well-known to the parties, we set forth only those pertinent to this opinion. CSI, a debt collector, sent Obarski a collection letter in April, 2011, demanding payment on his delinquent Citibank credit card. At the same time, CSI made a hard inquiry on Obaski's credit report.[1] Obarksi alleged that CSI violated the Fair Credit Reporting Act ("FCRA") by making that hard inquiry, which appeared on his credit report from April, 2011, through April, 2013. The District Court disagreed, finding that CSI had a permissible purpose for running the hard inquiry. (Dkt. No. 6.) It also found that Obarski failed to plead a violation of the FCRA because he never alleged that CSI told a credit reporting agency about his debt.[2] CSI's Rule 12(b)(6) motion to dismiss was granted and Obarski's complaint was dismissed with prejudice. (Dkt. No. 17.)

We have jurisdiction pursuant to 28 U.S.C. §1291. We exercise plenary review over a district court's order dismissing a complaint for failure to state a claim. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009).

We agree with the District Court that CSI ran the hard inquiry with a permissible purpose, that is, the "review or collection of an account" of the consumer. 15 U.S.C. §1681b(a)(3)(A). We also agree that nowhere did Obarski allege that CSI provided a credit reporting agency "any item of information in dispute . . . ." 15 U.S.C. § 1681i (a)(2)(A); see also 15 U.S.C. § 1681s-2(B). While we recognize Obarski's displeasure

_____

[1] A "hard inquiry" is a credit report check that may lower an individual's credit score.

[2] Obarski was twice granted leave to amend his complaint.

with the fact of the hard inquiry appearing on his credit report, we perceive no error in the

District Court's conclusion that he failed to allege any violation of the FCRA.[3]

---

[3] Obarski even states in his brief that he "did not explicitly allege in his complaint that [CSI] reported information about alleged debt, because he had no evidence of that." (Appellant's Br. p. 5.)